Mr. Justice CATRON
 

 .delivered the opinion of the court.
 

 On the facts presented, one consideration is whether the petition was dismissed for a proper reason. The petition was moved on by the claimant’s counsel — and resisted on the ground that it had not been filed within the time allowed by law, arid the rulesrof the court-: and it is insisted it was dismissed for. this reason, which is insufficient ; as the-bar of five years cannot be interposed under the circumstances. If this had been the reason given, it would be imma'terial, if die order was proper for other reasons. The 32d section of the Judiciary Act prescribes the duty of this court in such cases, and directs it to proceed and give judgment according to the right of the cause, and matter in law, without regard-to any imperfections in the judgment.
 

 But we do not apprehend any imperfection to exist; the court says — “It,is considered that a petition for a rehearing cannot now be entertained by this court, in this cause:” And why not? In 1829, a proceeding was instituted in the Superior Court of.East Florida bv the claimants for the confirmation of a claim for twenty thousand acres of land granted to Arredondo: In 1830 that court declared the title valid, on the facé of the title-papers; this fact existing, the next presented for ascertainment was the sufficiency of the description as to the general locality of the land granted. But the duties of the.
 
 *619
 
 court did not end here; by the 2d section of the act of 1824 it was not only given full power and authority to hear and determine all questions arising in die cause relative to the validity of the title, and •the descriptive identity'of location on the face of the title; but thirdly to settle the precise boundaries of the land on the ground; founding its decree on an existing survey, if a proper one was produced, and if not, to let-the party proceed according to the 6th section of the act. On the face of the' title no material difficulty seems to have arisen; but to identify the land called for was most difficult,' and probably impossible:- If the grant had been..unaided by a survey, it cannot well be perceived how it could have escaped from the principles on. which were rejected the claims of Forbes, Buyck, and Joseph Delespine, (found in 15 Peters,) and of Miranda, (in 16 Peters.) To avoid doing so, the land was decreed by metes and line-marks, founded on a survey (purporting to have been made for the land granted) by Don Andres Burgevin on the" 14th of September, 1819.
 

 This survey, it is contended, is for land lying in a different locality from that referred to in the grant, and being so, it is urged, that according to the rulings of this court, no surveycould .be made for any other land than that granted after the 24th of January, 1818 as this would in effect be a hew grant, which the treaty prohibited after'that date, according to the cases of Clarke and Huertas, in 8 and 9 Peters, and that of Forbes, 15 Peters, 182; and there being no-equivalent provided in the'grant to except the case from these principles,-the survey could riot legally be the basis of a decree.
 

 This may have been true, and, the decree for the Jand contained in Burgevin’s survey erroneous; but the question is, whether the . court below had any- power to-correct it? If it hád not, fhon no petition for such purpose could be heard, either on the part of the United States, or the claimants in that court.
 

 From tire decree made in 1830, an appeal was prosecuted by the United States to this court; the claimants rested content, and prosecuted no cross appeal. 10 Peters, 308.’, On a hearing, the decree below was affirmed for the specific land, and the cause remanded for further proceedings, to the end that: a patent might issue, pursuant to the 6th section of the act of 1824, which declares it shall be for the land “specified in the decree;”.and prohibits a survey for any other land, unless that decreed' has been disposed of, when a change is authorized by the 11th section; but as no -other appropriation of the land set forth in the decree is. alleged to exist, this circumstance is' out of the present case,
 

 The claimants not being willing to take-the land in Burgevin’s Survey, assumed the right to have a resurvey made, or to have adopted that, made by JoshuaiA. Coffee, on their behalf, in 1834, which they allege is at the place, called for in the grant; and this on the ground that the decree of 1830 is inconsistent, it being in confirmation of the land granted, and also of Burgevin’s survey — r
 
 *620
 
 the places-not being the-same. This change was refused at'the land-office here, for the, reason that the decree excluded such a change until it was altered by the proper judicial authority. For . this purpose the petition for, a re-hearing was filed, seeking to have the decree of 1830 reformed, and that part of it establishingiocality and 'boundaries set aside or disregarded, and the land located elsewhere. This the Superior Court of East Florida had no power to do, on the facts set forth by the petition, because the decree of this court, made in affirmance of that made below, is conclusive on the inferior court; and it has no authority .to disturb it by the mode proposed, but can only execute our mandate, and settle so much as remains to be done. For the principles governing in like 'cases, we refer to the
 
 ex parte
 
 application of Sibbald, and the rules there laid down, (12 Peters, 489, 490,) to which nothing need be added; as they are altogether adverse to the present proceeding, and show that the petition was properly dismissed.