### SMITH vs. ARMSTRONG and another.

. 25   517
'101   168

JUDGMENT. 1. *Amendment of judgment in court below, after its affirmance on appeal.* 2. *A judgment requiring a party to execute a "conveyance in fee" of land — what it requires.*

1. A judgment affirmed on appeal cannot afterward be amended in the court below, in a matter of substance, not being a clerical error; at least where such judgment is supported by a sufficient finding.

2. Thus, in ejectment, where one defendant sets up a contract by X, plaintiff's grantor, to sell and convey the land to him (said defendant), of which plaintiff had notice when he purchased, and the judgment required plaintiff to execute to said defendant "a proper and sufficient conveyance in fee of the land," and one of two findings filed in the cause was sufficient to support such a judgment, it was too late, after affirmance of the judgment on appeal, to have it amended in the court below, so as to require plaintiff to convey only his interest acquired from X.

3. Such a judgment requires plaintiff to convey his own title in fee, without reservation, with covenant against any incumbrance created by himself.

APPEAL from the Circuit Court for *Fond du Lac* County.

The decision of this court upon an appeal from the judgment in this action will be found in 24 Wis. 446–451.* The action was ejectment by *Frederic H. Smith;* and the defendant *Armstrong*, upon facts set up in his answer, demanded that upon the payment by him into court of the amount that should be found due upon a certain accounting then prayed for, plaintiff "be required to duly transfer all the [his] right, title and interest" in the premises "by and under" certain quitclaim deeds, executed to said plaintiff (as alleged in said answer) by Elbridge and Caroline J. Smith. There were two sets of findings of fact and conclusions of law made and filed by the judge, one on the 28th of December, 1867, and the second on the 24th of January, 1868. There was no reference in either to any title in either party, except that derived from Elbridge and Caroline J. Smith. In the former, the first conclusion of law was: "That defendant *Armstrong* is entitled to a conveyance from *Frederic H. Smith*, of all the right, title and interest in and to said premises, *which was conveyed to him by said Caroline J. and Elbridge Smith*, upon his paying," etc. The third conclusion of law was: "That a judgment should be entered compelling said plaintiff to make *such* conveyance, upon said defendant *Armstrong* paying," etc. In connection with the second finding of facts, the first conclusion of law was: "That defendant *Armstrong* is entitled to a conveyance from the plaintiff *of all his right, title and interest in the premises*." The third conclusion of law was, that judgment should be entered in the action, "that the plaintiff execute and deliver to the defendant *Armstrong*

---

*The cause is there incorrectly represented as appealed from *Winnebago* county.

*a proper and sufficient conveyance in fee of the premises,*" etc.* The judgment, so far as it related to the execution and delivery of the deed, was in the words last quoted; and it required *Armstrong*, upon delivery or tender of such deed, to pay plaintiff a certain specified sum. There is also a clause adjudging, that, on failure to pay said sum at the time provided, defendant should be barred and foreclosed of all right, title and interest in the premises.

After the judgment was affirmed and the cause remitted, the plaintiff tendered to *Armstrong* a deed, purporting to be executed in pursuance of said judgment, releasing and quitclaiming all the interest in the premises which he had acquired from Caroline J. Smith and Elbridge Smith by the quitclaim deed from them described in the pleadings and finding; and at the same time he demanded payment by *Armstrong* as directed by the judgment. *Armstrong* refused to accept such deed, but offered to pay the sum by him to be paid on receiving "such a deed as is required by the judgment."

At the October term of said court, 1869, plaintiff moved: 1. That the judgment be amended, so that he should be required thereby only to convey the interest which he had acquired from Elbridge and Caroline J. Smith, under their deed above described. 2. That defendants be barred of all right, etc., in the premises for default in making payment as adjudged. It appeared from the papers used at the hearing of these motions, that in 1856 plaintiff had mortgaged the premises for $500, and interest, and that this mortgage had not been paid or discharged of record.

The court made orders denying both motions, and from these plaintiff appealed.

*J. M. Gillet*, for appellant.

*Gabe Bouck*, for respondents.

---

* The *italics* are the reporter's.

PAINE, J.   In this case, a judgment having been rendered, and affirmed on appeal to this court, enforcing a specific performance of the contract between Elbridge Smith and the defendant *Armstrong*, and requiring the appellant "to execute and deliver to the defendant *Armstrong* a proper and sufficient conveyance in fee" of the property in controversy, a dispute has since arisen, the appellant claiming to have complied with the judgment on his part, and alleging a failure to comply on the part of the defendants, and asking, for that reason, to have the judgment made absolute in his favor.  He also asked to have the judgment amended so as to require him only to convey the interest which he acquired by the conveyance from Elbridge Smith and wife.  Both motions were denied, and an appeal taken from each order.

In respect to the application to amend the judgment, it not being a mere clerical mistake, but a matter of substance, it is a sufficient answer to say that this very judgment having been rendered, and affirmed on appeal to this court, has become final between the parties, and even though it were conceded that there were errors in it, they are no longer subject to correction in the circuit court, under the guise of amendment.

If there were no finding in the case which supported the judgment as it is, whether the result would be different it is not necessary to determine.  If such had been the case, it would have been good ground for a reversal or modification of the judgment, so as to make it conform to the finding, when it was here on appeal.  And if, instead of doing that, this court had affirmed it, it would have been at least a singular exercise of the power of review to have the error subsequently corrected by amendment in the court below.

But in this case no such question is presented.  There appear to be two findings in the record, one of which supports the judgment in its present form.  And hav-

ing been affirmed here in that form, it has become the fixed measure of the rights and obligations of the parties.

This conclusion being arrived at, it follows necessarily that the appellant did not comply with the requirements of the judgment. The deed he tendered purported to convey only the interest he had acquired from Elbridge Smith and wife. If he claimed title from any other source, he would still be at liberty to assert it, notwithstanding such a deed. It may all be true, as he claims, that the object of this suit was only to reach the interest he derived from Elbridge Smith and wife. But as he made no suggestion of any other title, and a judgment was entered requiring him to make a good and sufficient conveyance in fee, it is too late to go behind it now. The judgment can have no less effect than to require him to convey all his own title in fee, without any reservation, clear of all incumbrances by himself, and with covenants of warranty against such incumbrances.

*By the Court.*—Both the orders appealed from are affirmed.