CROWNS, Appellant, vs. THE FOREST LAND COMPANY, Respondent.

*September 20 — October 11, 1898.*

*Appeal: Judgment: Modification after affirmance.*

A judgment of the trial court, when affirmed on appeal, becomes the judgment of the supreme court, and the trial court has no jurisdiction thereafter to open it, set it aside, modify it, or do anything in regard to it except enforce it.

APPEAL from an order of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Reversed.*

The action was brought to foreclose a mortgage, in which such proceedings were duly had that judgment of foreclosure and sale was entered March 8, 1896, and judgment for deficiency July 24, 1897. The defendant corporation appealed to the supreme court from both judgments November 24, 1897, without obtaining any stay of proceedings. March 22, 1898, the judgments were affirmed on such appeal. [99 Wis. 103.] April 23, 1898, the *remittitur* was filed in the superior court. May 6, 1898, pursuant to a motion submitted while the appeal was pending, the superior court made an order vacating the judgments conditionally, bringing in new parties, allowing the defendant corporation to serve an amended answer in the nature of a cross bill so as to litigate certain questions with the plaintiff and with the new parties and obtain affirmative relief. From such order this appeal was taken.

*W. J. Turner*, for the appellant, to the point that the superior court was without jurisdiction to make the order appealed from, cited *Ensminger v. Powers*, 108 U. S. 292; *Burgess v. O'Donoghue*, 90 Mo. 299; *Skinner v. Bland*, 87 N. C. 168; *Isler v. Brown*, 69 id. 125; *Kimberly v. Arms*, 40 Fed. Rep. 548; 2 Ency. of Pl. & Pr. 327, and cases in notes.

Leahy vs. The National Building & Loan Association.

For the respondent there was a brief by *Edwin S. Mack* and *Nath. Pereles & Sons*, attorneys, and *C. F. Hunter*, of counsel, and oral argument by *Mr. Hunter*.

MARSHALL, J.　This appeal is ruled by *Ean v. C., M. & St. P. R. Co.* 101 Wis. 166, wherein it is held that a judgment of the trial court, when affirmed on appeal, becomes the judgment of this court, and the trial court has no jurisdiction whatever thereafter to open it, set it aside, or modify it, or do anything in regard thereto except to enforce it. Following that case, the order appealed from must be reversed, and the cause remanded with directions to deny the motions on which it was entered.

*By the Court.*— So ordered.