Ean vs. The Chicago, Milwaukee & St. Paul R. Co.

EAN, Executrix, Respondent, vs. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

*August 31 — November 22, 1898.*

Res adjudicata: *Vacating judgment after affirmance by supreme court: Surprise.*

1. The judgment of the supreme court affirming that of the court below in sustaining a demurrer *ore tenus* to the complaint, is conclusive upon the rights of the parties, and covers every ground of objection thereto, though the court below may have considered one ground and the supreme court another.

2. The provision of sec. 2832, R. S. 1878, empowering courts to relieve a party from a judgment rendered against him through mistake, surprise, or excusable neglect, within one year after notice thereof, has no application to a judgment which has been affirmed by the supreme court on appeal, but, under sec. 3071, R. S. 1878, final judgment must be entered in the court below in accordance with that of the supreme court, unless otherwise ordered, and the judgment so ordered is, in legal effect, that of the supreme court. *State ex rel. Turner v. Circuit Court,* 71 Wis. 595, questioned.

3. Even if the judgment so affirmed could be set aside, under sec. 2832, R. S. 1878, on the ground of surprise, yet surprise that the supreme court based its decision upon other grounds than those on which it was decided below would not be sufficient.

APPEAL from an order of the superior court of Milwaukee county: R. N. AUSTIN, Judge. *Reversed.*

This action was commenced in the superior court of Milwaukee county to recover damages for the wrongful act of the defendant which caused the death of plaintiff's intestate. Upon the trial the defendant objected to the admission of any evidence under the complaint, on the ground that it failed to state facts sufficient to constitute a cause of action. The objection was sustained, and thereafter a judgment was entered dismissing the complaint, and for costs. The plaintiff appealed to this court, and upon a proper hearing the judgment of the superior court was affirmed Janu-

ary 12, 1897.   95 Wis. 69.   The cause was duly remanded, and on April 10, 1897, and within one year from the date of the entry of the judgment in the superior court, that court entered an order setting aside and vacating its order dismissing the plaintiff's complaint and the judgment entered in pursuance thereof, and permitted the plaintiff to amend her complaint, and requiring the defendant to answer within twenty days.   This order was made without terms, and purports to have been made under and by virtue of the provisions of R. S. 1878, sec. 2832.   From the order so entered this appeal is taken.

*C. H. Van Alstine,* counsel, for the appellant.

For the respondent there was a brief by *Rogers & Mann,* attorneys, and *O. T. Williams,* of counsel, and oral argument by *Mr. Williams.*   They argued that the court below had ample power under the statute to relieve the respondent from the judgment against her, even after the judgment had been affirmed by the supreme court.  *Black v. Hurlbut,* 73 Wis. 126; *McLaren v. Kehlor,* 22 id. 300; *Seymour v. Chippewa Co.* 40 id. 62; *Lampson v. Bowen,* 41 id. 484; *Whitney v. Karner,* 44 id. 563; *McKnight v. Livingston,* 46 id. 356; *Wheeler & Wilson Mfg. Co. v. Monahan,* 63 id. 194; *State ex rel. Turner v. Circuit Court for Ozaukee Co.* 71 id. 595, 597.   There was, in opening the judgment in this case, no abuse of discretion for which the supreme court ought to interfere.

The following opinion was filed September 20, 1898:

BARDEEN, J.   The provisions of sec. 2832, R. S. 1878, under which it is sought to justify the action of the court below, are substantially to the effect that the court or judge may, in discretion and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment against him " through his mistake, inadvertence, surprise or excusable neglect."   The appellant con-

tests the validity of this order, upon the ground that the superior court had no power to vacate the judgment. The importance of this contention is manifest. It involves a consideration of the force and legal effect that is to be given to judgments of this court. This precise question has never been before this court, although a kindred question, under another statute, was determined in *State ex rel. Turner v. Circuit Court for Ozaukee Co.* 71 Wis. 595, the effect of which we will consider hereafter.

It was long ago determined that sec. 2832 did not apply to judgments of this court. *Pringle v. Dunn,* 39 Wis. 435. In *Stevens v. Clark Co.* 43 Wis. 36, the judgment of the court below was affirmed reluctantly, upon grounds that seemed technical. This court, upon rehearing, was asked to modify its judgment so as to direct a new trial, as the only means of preventing obvious and gross injustice. This application was denied on the ground that there was neither statute to authorize, nor practice to sanction, a discretion for a new trial upon a judgment of affirmance. The practice followed in this case, of asking this court to amend or modify its judgment, seems to recognize the theory contended for by the appellant,— that the judgment of this court is final upon the rights of the parties. In *Smith v. Armstrong,* 25 Wis. 517, the judgment had been appealed to this court and affirmed. After the case had been remitted, the court below was asked to modify the judgment in certain particulars. From an order denying this request, an appeal was taken. In disposing of the question, Mr. Justice PAINE says: " In respect to the application to amend the judgment, it not being a mere clerical mistake, but a matter of substance, it is a sufficient answer to say that this very judgment having been rendered, and affirmed on appeal to this court, has become final between the parties, and, even though it were conceded that there were errors in it, they are no longer subject to correction in the circuit court, under the guise of

amendment." The case of *Whitney v. Traynor*, 76 Wis. 628, is to the effect that when a judgment, or a part thereof, is reversed, and the case is remitted for further proceedings, the trial court has no authority to grant a new trial as to any of the issues. This seems to be in accord with the uniform tenor of decisions in courts of last resort. *Chouteau v. Allen*, 74 Mo. 56; *Young v. Thrasher*, 123 Mo. 308; *West v. Brashear*, 14 Pet. 51; *Chaires v. U. S.* 3 How. 611; *Gaines v. Rugg*, 148 U. S. 228. The case of *Patten Paper Co. v. Green Bay & M. Canal Co.* 93 Wis. 283, affirms this principle, and says, in vigorous language: "We are clearly of the opinion that a judgment entered, as this was, in substantial accordance with the mandate of this court, is, in legal effect, *the judgment of this court*. It is just as effectually *res adjudicata* as in a case where the judgment is affirmed. *Reed v. Jones*, 8 Wis. 421." *Wells v. Am. Exp. Co.* 55 Wis. 23, and *Mowry v. First Nat. Bank*, 66 Wis. 539, are to the effect that a judgment of affirmance is *res adjudicata*, and cannot be disturbed by the court below.

The legal effect of a judgment of this court having been considered in so many cases, and its finality, as to any power of the court below to disturb it, having been sanctioned by such a long course of judicial decisions, it would seem not to be an open question. But we are referred to the case of *State ex rel. Turner v. Circuit Court for Ozaukee Co.* 71 Wis. 595, as an authority sanctioning the action of the court below in this case. It must be admitted that it does. The statute upon which that decision was based (R. S. 1878, sec. 4719) is very much like the one in question here, although referring only to criminal cases; and the decision goes to the full length of saying that, notwithstanding the judgment has been taken to this court and affirmed, yet the court below, in its discretion, may set it aside. The decision rests largely upon the fact that the statute was probably borrowed from Massachusetts, and should receive the same construction as has been given it by the court of that state. The decision

cited to support the conclusion of the majority of the court (*Comm. v. McElhaney*, 111 Mass. 439), as was shown by Mr. Justice ORTON in his dissenting opinion, was decided upon special exceptions, and was not at all analogous to an affirmance of the judgment on writ of error. This case must stand or fall upon its own merits. It seems to be contrary to the letter and spirit of the former decisions of this court quoted. This court, as now constituted, entertain grave doubts of the soundness of the conclusion there reached. It would seem that this section, like sec. 2832, can only have application to judgments of the circuit court, and not to those which by operation of law have become judgments of this court. Any other conclusion would be hazardous in the extreme, in that it would be destructive of the very foundation upon which the judgments of courts of last resort must rest. It must be presumed that it was the legislative intention that the law should only apply to such judgments as were distinctively those of the court in which the application to vacate is made. It may be doubtful if the legislature has the power to pass a law which will put the judgments of this court at the mercy of a lower court. The theory upon which our system of government was created was that the three branches — executive, legislative, and judicial — should be co-ordinate and independent. The constitution provides that *this* shall be a court of last resort,— a court whose judgments, so far as they relate to state polity, are final and conclusive. Sec. 3071, R. S. 1878, provides that upon appeal from a judgment this court may reverse, affirm, or modify the judgment, and in all cases shall remit its judgments or decisions, and *final judgment shall thereupon be entered in the court below in accordance therewith,* except when otherwise ordered. As has been frequently stated, the judgment so entered is, in legal effect, the judgment of this court. It is none the less true in cases where there is an affirmance than when some other directions are given.

It is argued, however, that, because the judgment here

was based upon grounds other than those upon which the court below placed its decision, here is a case of "surprise," which entitles the party to relief. It may be stated as elementary that the judgment is conclusive upon every matter upon which the court did actually pass, or upon which it might have passed, in making its decision. The objection to the complaint was that it did not state a cause of action. That covered every ground that could be urged against it, and the decision thereon is conclusive, although the court below may have considered one ground and this court another.

But, if it were admitted that the court below had power to set aside the judgment after affirmance, we are clearly of the opinion that the respondent has not brought herself within the lines of the statute. The affidavit upon which the order was based sets out that the demurrer *ore tenus* was interposed, and the only question presented to the trial court was whether the plaintiff's intestate was protected by the provisions of ch. 220, Laws of 1893. Upon that ground the demurrer was sustained, and both respondent and her counsel were *surprised* at the decision of this court, holding that the complaint was bad on the grounds stated in the opinion. The "surprise" which entitles a party to relief under this statute must be something more than surprise at the ruling of the court. *Breed v. Ketchum,* 51 Wis. 164; *Anderson v. Market Nat. Bank,* 66 How. Pr. 8; and *Root v. C. M. R. Co.* 33 Fed. Rep. 858.

*By the Court.*— The order of the superior court of Milwaukee county is reversed, and the cause remanded for further proceedings according to law.

The respondent moved for a rehearing, or for an order modifying the mandate of this court so as to direct the trial court, in its discretion, to permit the complaint to be amended so as to overcome the defects pointed out by this court re-

specting the "curve in the track," or for such other relief as would enable her to go to trial upon the merits. The motion was denied November 22, 1898.