BLOOR and another, Executors, Respondents, vs. SMITH, imp., Appellant.

*September 9—September 29, 1903.*

*Appeal: Mandate: Compliance by trial court: Performance of conditions: Laches.*

> Where a cause is remanded by the supreme court to the circuit court with direction to grant a motion of the appellant upon performance of the conditions indicated "within a reasonable time, to be fixed by the circuit court," the latter court cannot, without having fixed such reasonable time, refuse to grant said motion upon the ground that appellant has been guilty of laches in making it or in complying with the conditions imposed by the supreme court.

APPEAL from an order of the circuit court for Dodge county: JAMES J. DICK, Circuit Judge. *Reversed.*

The nature of the action and the relation of the parties sufficiently appear in the report of this case when here upon the former appeal. *Bloor v. Smith,* 112 Wis. 340, 354, 87 N. W. 870. The case was finally determined by this court December 17, 1901, and the mandate of this court was as follows:

*"By the Court.*—Both orders appealed from are reversed, and the cause is remanded with directions to deny plaintiffs' motion for confirmation of the sheriff's sale, and to grant motion of defendant *Emma Maud Smith* for vacation of the judgment as to her and leave to answer, upon performance of the conditions indicated within a reasonable time, to be fixed by the circuit court."

On January 9, 1902, the costs against the plaintiffs on such reversal were taxed at $171.25. After demand they were paid, with interest, February 22, 1902. On March 3, 1902, the defendant *Emma Maud Smith* paid the costs in this court, and thereupon the cause was remitted to the circuit court and filed therein, and notice thereof given to the plaintiffs March 8, 1902. Nothing further appears to have been done in the case until November 3, 1902, when *Emma Maud Smith* gave notice to the plaintiffs that upon the *remittitur,* files, records, and proceedings in the cause, and upon the judgment and mandate of this court, she would move the circuit court December 2, 1902, for the orders directed by the mandate of this court, above quoted. Such motion was finally heard by the circuit court February 10, 1903, and thereafter, and on April 14, 1903, the circuit court made the following order, denying such motion for the reasons therein recited, as follows:

"And it appearing to the satisfaction of the court that, in view of the circumstances, the said defendant *Emma Maud Smith* did not make or notice said motion within a reasonable time after the entry of said judgment of the supreme court, or after the payment of the costs of said motion and the filing of the *remittitur* in this court, and was guilty of gross and unreasonable laches and delay in electing whether or not she would accept the conditions imposed by the supreme court to the vacation of said judgment and denial of said motion to confirm, to the injury of the plaintiffs, which said laches and delay have been in no wise excused, on motion of Sawyer & Sawyer, attorneys for the plaintiffs, it is ordered that said motion be, and hereby is, in all things overruled and denied, and that the plaintiffs recover of the defendant *Emma Maud Smith* ten dollars, costs of this motion."

From that order the defendant *Emma Maud Smith* brings this appeal.

For the appellant there was a brief by *Bohmrich, Maher & Willrich,* attorneys, and *Sheridan & Wollaeger,* of counsel, and oral argument by *J. A. Sheridan.*

For the respondents there was a brief by *Sawyer & Sawyer,* and oral argument by *E. W. Sawyer.*

CASSODAY, C. J.   Thus it appears from the recitals in the order that the trial court refused to execute the mandate of this court merely because the appellant did not sooner ask the court to do so, or because the appellant did not voluntarily comply with the conditions therein mentioned before the circuit court had fixed a reasonable time within which she must perform such conditions.   True, she might have applied to that court to fix such time several months before the time she did.   It is equally true that the plaintiffs might have applied to the circuit court to fix such time immediately after the *remittitur* was filed therein, or any time thereafter.   So the court, in obedience of the mandate, might have fixed such time without any application from either party.   The delay in making the application is no more the fault of the appellant than of the plaintiffs.   The mandate only required the appellant to perform the conditions named "within a reasonable time, to be fixed by the circuit court."   In other words, the circuit court was, by the mandate, required to fix such reasonable time before the appellant could be adjudged to be in default for failure to perform such conditions within the time to be so fixed.   The conditions to be performed by the appellant in order to entitle her to relief were stated in the opinion of the court on the former appeal in these words: "The terms which should be imposed as condition of the relief to appellant should substantially reimburse plaintiffs the reasonable and necessary expenses incurred in entering the judgment which must be vacated."   *Bloor v. Smith,* 112 Wis. 353, 87 N. W. 874.   The items making up the amount are there given.   The trial court had no alternative, therefore, but to execute the mandate of this court.   This has, in effect, been held in numerous cases.   *Patten P. Co. v. Green*

*Bay & M. C. Co.* 93 Wis. 283, 66 N. W. 601, 67 N. W. 432. In that case it was held that:

"Where this court, on reversing a judgment, remands the cause, 'with direction to enter judgment in accordance with the opinion,' and that opinion leaves nothing undetermined, the trial court should merely enter the judgment as directed, and should not allow any amendment to the pleadings or new litigation in the case."

See *Ean v. C., M. & St. P. R. Co.* 101 Wis. 169, 76 N. W. 329; *Baines v. Janesville,* 103 Wis. 103, 79 N. W. 29.

*By the Court.*—The order of the circuit court is reversed, and the cause is remanded with direction to execute the mandate of this court, as required on the former appeal, and for further proceedings according to law.