Kuenzli v. Burnham, 124 Wis. 480.

<hr>

KUENZLI, Administrator, vs. BURNHAM, imp., Respondent:
CHASE and another, imp., Appellants.

*February 24—March 14, 1905.*

**Appeal: Reversal: Mandate directing judgment: Power of trial court.**

Under sec. 3071, Stats. 1898, where the supreme court reversed the
   judgment of the trial court and remanded the cause "with di-
   rections to enter judgment dismissing the complaint," the trial
   court had no power to enter any different judgment in the ac-
   tion, even though the parties made no objection or voluntarily
   submitted, as prescribed in sec. 2788, a matter in controversy
   arising out of an order relative to the rents and profits of the
   land in suit, made prior to the judgment appealed from.

APPEAL from a judgment of the circuit court for Milwau-
kee county: WARREN D. TARRANT, Circuit Judge.   *Reversed.*

This case was here upon a former appeal. 119 Wis. 509, 516, 97 N. W. 176. That appeal was from a judgment setting aside a deed of conveyance from the original plaintiff, Clinton Burnham (since deceased), to his wife, the defendant *Anna Burnham,* and canceling a mortgage on the property described in the deed, executed February 6, 1901, and the mortgage executed May 21, 1901. That judgment was reversed by this court, and the cause was remanded with directions to enter judgment dismissing the complaint as of October 21, 1903, when the same was submitted, and which was before the death of Clinton Burnham. The action was commenced May 27, 1901. It now appears that pursuant to an order of the trial court made July 29, 1901, the husband was allowed to collect the rents and profits of the lands in controversy upon giving a bond in the sum of $20,000, executed by himself as principal, and *Clifford Chase* and the *Pacific Surety Company* as sureties, conditioned to account for such rents and profits and pay over a certain amount thereof to the wife, *Anna,* as therein prescribed. After the *remittitur* from this court was filed in the trial court, and on April 12, 1904, an order was made therein referring the cause to a circuit court commissioner to hear, try, and determine the amount of such rents and profits remaining due and unpaid to the widow, *Anna,* on the bond. He found the amount to be $945.82, which the court, on motion, reduced to $922.12, September 13, 1904. From the judgment entered thereon for that amount as damages and $108.25 costs in favor of the widow, *Anna,* and against the plaintiff, as administrator of the estate of Clinton Burnham, deceased, and *Clifford Chase* and the *Pacific Surety Company,* as such sureties, the sureties appeal.

For the appellants there was a brief by *Quarles, Spence & Quarles,* attorneys, and *William C. Quarles,* of counsel, and oral argument by *William C. Quarles.*

For the respondent there was a brief by *Turner, Pease & Turner,* and oral argument by *W. J. Turner.*

Cassoday, C. J.   The liability of Clinton Burnham to his wife, *Anna,* for rents and profits was not in issue nor adjudicated on the former appeal; much less was the liability of the sureties on the bond mentioned.   After providing in a general way for the mandate from this court, the statute declares that:

"In all cases the supreme court shall remit its judgment or decision to the court from which the appeal or writ of error was taken, *to be enforced accordingly;* and if from a judgment, *final judgment* shall thereupon be entered in the court below, *in accordance therewith,* except where otherwise ordered."   Sec. 3071, Stats. 1898.

In strict accordance with that statute, this court, on the former appeal, reversed the judgment of the trial court, and remanded the cause "with directions to enter judgment dismissing the complaint."   *Burnham v. Burnham,* 119 Wis. 509, 516, 97 N. W. 176, 179.   Such being the mandate, it became the duty of the trial court, in obedience thereto and to the statute quoted, to enter in that court "final judgment" "in accordance" with such mandate.   In fact it had no power or authority to enter any different judgment in this action than thus prescribed.   This has, in effect, been repeatedly declared by this court.   *Patten P. Co. v. Green Bay & M. C. Co.* 93 Wis. 283, 291, 66 N. W. 601; *Crowns v. Forest L. Co.* 100 Wis. 554, 76 N. W. 613; *Ean v. C., M. & St. P. R. Co.* 101 Wis. 170, 76 N. W. 329; *Bloor v. Smith,* 119 Wis. 163, 96 N. W. 544.

Counsel seek to justify the judgment entered on the ground that no objection was taken to the practice pursued nor the proceedings before the referee.   It may be that the sureties, as well as the estate of the deceased, were willing to investigate as to the true amount due to *Anna* on the bond, with a view to settlement without further litigation.   Whatever may have been the motive, it is quite evident that there was no voluntary submission of the controversy, as prescribed by the statute.   Sec. 2788, Stats. 1898.   Even had there been such

submission it could not have authorized judgment in this action contrary to the mandate of this court.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded with direction to obey the mandate of this court on the former appeal, and "enter judgment dismissing the complaint."