Will of Johnson: Hahn, Appellant, vs. Janes, Administrator, Respondent.

*October 13—November 8, 1922.*

*Appeal: Res adjudicata: Judgment upon mandate of appellate court: Proceedings involving questions litigated: Due process.*

1. After remand, a judgment in the lower court pursuant to the mandate of this court is in effect the judgment of this court.
2. Where on petition to the county court for an assignment of the residue of an estate the issue was raised as to whether the proponent of a will, having been a subscribing witness, could take the bequest made to her under the will, and on appeal this court held that gifts to a subscribing witness are void unless there are two other competent witnesses, and that bystanders are not competent witnesses, the decision is *res adjudicata;* and a subsequent petition by the proponent to the county court asking an assignment of the residue because there were two witnesses to the will other than subscribing witnesses, and on the ground that she has been deprived of her rights without due process of law, is without merit, as mere new argument on questions of law can be of no avail in a new proceeding between the same parties to set aside a final judgment.

Appeal from an order of the county court of Racine county: Michael S. Sheridan, Acting Judge. *Affirmed.*

For the appellant the cause was submitted on the briefs of *J. Elmer Lehr* of Milwaukee and *John H. Liegler* of Racine.

For the respondent there was a brief by *McCulloch, McCulloch & Dunbar* of Chicago and *Thompson, Myers &*

*Kearney* and *Hand & Quinn* of Racine, attorneys for the heirs at law, and *Elbert B. Hand* of Racine, *Bertram W. Rosenstone* of Chicago, and *Thomas M. Kearney, Jr.*, of Racine, of counsel; and the cause was argued orally by *Elbert B. Hand*.

A separate brief was also filed by *Thomas M. Kearney, Jr.*, guardian *ad litem*.

JONES, J.   This is the third appearance of the controversy concerning the will in question in this court.  The first case is reported in 170 Wis. 436, 175 N. W. 917; and the second in 175 Wis. 1, 183 N. W. 888.   The curious and interesting facts relating to the execution of the will are fully reported in the statement of facts on the first appeal. In that case it was held that under secs. 2284 and 4068 of the Statutes as they stood in 1895 when the will was executed, a residuary legatee was a competent subscribing witness to a will, the common-law disqualification having been wiped out and sec. 4069 not being applicable to the act of witnessing a will; and that testimony of bystanders at the time of signing the will, though not subscribing witnesses, was properly received on the issue as to the genuineness of testator's signature, they having testified to having seen the instrument so signed by him.

This court sustained the judgment of the circuit court granting probate of the will.   After the will was probated *Mrs. Hahn* filed her final account and prayed that the entire residue of the estate be assigned to her.   The question then arose in the county court whether the proponent, having been a subscribing witness, could take the bequest made to her by the terms of the will, and that was the issue on the second appeal.   On that appeal it was held in the opinion by Mr. Justice OWEN construing sec. 2284 as amended by ch. 128, Laws 1905, that gifts made in a will to a subscribing witness are void unless there are two other competent *subscribing* witnesses; and that the words "witness to a will"

mean one who has attested the will by subscribing his name thereto; that mere bystanders when the document is signed are not competent witnesses to prove a will; and their testimony cannot be received except on a showing that the primary evidence, that is, the testimony of the subscribing witnesses, cannot be produced.

After this decision and during subsequent proceedings in the county court, *Mrs. Hahn*, claiming as residuary legatee, again petitioned the court for an order directing the distribution of the estate, and that the residue be paid to her as residuary legatee. It is from the order denying this petition that the present appeal was taken.

It is now claimed by appellant's counsel that by virtue of sec. 2284 *Mrs. Hahn* had a vested right under the will in the property of deceased because there were two witnesses other than the subscribing witnesses. It is claimed that she has been deprived of these rights by the construction which the court has given to sec. 2284 and that such construction operates as a judicial amendment of the statute, and that she has thus been deprived of her property without due process of law and denied the equal protection of the laws.

The decision of this court on the second appeal was to the effect that the bequest to appellant was void. When the case was remanded to the county court and it was there adjudged, pursuant to the mandate, that appellant should take nothing under the will, that judgment was in legal effect the judgment of this court. *Ean v. C., M. & St. P. R. Co.* 101 Wis. 166, 76 N. W. 329; *Baines v. Janesville,* 103 Wis. 102, 79 N. W. 29; *Crowns v. Forest Land Co.* 100 Wis. 554, 76 N. W. 613. The legal effect is the same as if this court had adjudged that the residue of the estate be assigned, not to the appellant, but to the heirs of Theodore Johnson. This court is now asked to disregard its former decision and to hold that appellant is entitled to the residue of the estate.

It is said by counsel for appellant that "appellant's first opportunity to assert her rights and raise the questions herein came after the construction of said will." Counsel are in error in assuming that there has been any action for the construction of the will. Although the instrument was very informal, there has never been any doubt that by its terms appellant was named residuary legatee. There was no need for construction. The sole question on the second appeal was whether appellant, having been a subscribing witness under the undisputed facts, was forbidden by the statute to receive the bequest which the will purported to make to her. Counsel also err in assuming that this is the first opportunity to raise the constitutional questions now presented. After the will was admitted to probate and when the issue was presented to this court whether the appellant was precluded from taking under it by the statute, there was every opportunity to raise and argue all the objections now urged as to the construction of the statute finally adopted. The contentions of the appellant were presented to this court by very eminent counsel in oral argument and in elaborate briefs. It is true that the constitutional questions now argued are urged for the first time; probably because counsel assumed that they had no bearing on the case.

The decision on the second appeal that appellant could not take the bequest became the law of the case and is *res adjudicata*. The general rule is so elementary that the citation of authority is unnecessary. It would be an intolerable rule resulting in utter confusion in the law and uncertainty as to property rights if the same parties were permitted after final judgment to reopen the same subject of litigation in respect to matters which might have been argued but were not discussed in the former litigation. The claim that the controversy has not been settled by a former adjudication generally rests on the assertion that new facts

are presented.   It is a somewhat novel claim that mere new arguments as to questions of law should avail in a new proceeding between the same parties to set aside a final judgment, and we think the claim is without merit.

*By the Court.*—Order affirmed.