GUSTAV SCHLEUDER *vs.* H. B. COREY.

June 20, 1883.

**Appeal from Order Denying New Trial—Affirmance under Rule 14—**
**Subsequent Appeal from Judgment.**—Where, upon an appeal from an order denying a new trial, the order is affirmed, under rule 14, for failure of appellant to serve copies of the paper-book and points, all questions that might have been raised on that appeal are *res adjudicata*, and will not be considered on an appeal from the judgment entered upon the verdict.

Appeal by plaintiff from a judgment of the district court for Mower county.

*Lafayette French, D. B. Johnson, Jr.,* and *Geo. N. Baxter,* for appellant.

*Rush B. Wheeler* and *L. A. Pierce,* for respondent.

GILFILLAN, C. J. This case was here on appeal by plaintiff from the order denying a new trial, at the October term, 1882, and the order was affirmed under rule 14, for failure of the appellant to serve on respondent copies of the case and of his points. The cause having been remanded, judgment on the verdict was entered in the court below, and the case is now here on an appeal by plaintiff from the judgment. No point is raised on this appeal that was not presented by the record on the former appeal. The respondent objects to the court considering any question that might have been raised on the former appeal, for the reason, as claimed by him, that

all such questions are *res adjudicata*. by the judgment of affirmance. The appellant insists that the judgment had only the effect of a dismissal of the then appeal, likening the case to that of a judgment entered against a plaintiff in the court below upon his failure to prosecute his action, which, he claims, can be no other than judgment of nonsuit or dismissal.

In the district court, the right of a plaintiff to avoid a judgment disposing of the merits, by his own act, or by failure to prosecute, is considerably restricted by statute. Gen. St. 1878, c. 66, §§ 262, 263. But in no case can an appellant in this court (unless by leave of the court or consent of the respondent) avoid a judgment on the merits. *Merrill* v. *Dearing*, 24 Minn. 179. Whether the appellant serve or fail to serve his points, the respondent has a right (unless the court otherwise order) to a judgment finally disposing of the merits. Of this right no act or neglect of the appellant can deprive him.

The theory of the rule requiring an appellant to make and serve his points is that they are his assignment of errors; that the right to claim as error any matter not appearing in them, unless, perhaps, objections to the jurisdiction of the court below over the subject-matter, is waived; and that a failure to serve any points is, at the election of the respondent, a waiver of all errors, giving the latter the right to a judgment finally disposing of all matters involved in the appeal. It would hardly be claimed that, on an appeal from a judgment, the appellant could assign as errors matters involved in the appeal from the order denying a new trial, merely because, in the appeal from the order, he did not in his points assign such matters as error. A total failure to assign errors could not leave him in a better position than a partial failure. The right given to move for an affirmance is to prevent delays and speed the decision of the cause. In an appeal from an order denying a new trial, the right would be of no practical benefit to the respondent, and would not tend to bring the matters involved speedily to a final decision, if the appellant can bring the same matters up again by appeal from the judgment. The matters involved in the first appeal must be taken in this action as *res adjudicata.*

We do not think the judgment of affirmance in the first appeal

ground for dismissing the second appeal, for on this appeal questions may be presented which could not arise on the first appeal. The proper mode in the second appeal to take advantage of the affirmance is by objecting to the court considering questions which might have been raised on the first appeal.

Judgment affirmed.