CHARLES E. ADAMSON *vs.* N. O. SUNDBY *et al.*

Argued Nov. 17, 1892.   Decided Dec. 2, 1892.

**Appearance of Counsel.**

A statement in the record that on the trial counsel appeared "for the defendants" will be presumed to mean for *all the* defendants who had answered, and in such case a general verdict for the defendants must be construed as one in favor of all of them.

**Dismissal of an Appeal, When Not a Bar.**

A mere dismissal of an appeal from an order denying a new trial does not bar the appellant from raising, on a subsequent appeal from the judgment entered on the verdict, questions which might have been raised on the first appeal.

**A General Verdict in Replevin, Effect of.**

A general verdict for the defendants, in an action of replevin against several defendants, *held* to warrant a judgment in favor of part of the defendants for a return of such portion of the property as was admitted by the pleadings to have been taken from their possession by the officer on the writ.

Appeal by plaintiff, Charles E. Adamson, from a judgment of the Municipal Court of the City of Minneapolis, *Elliott*, J., entered June 3, 1892.

On October 12, 1889, the defendant N. O. Sundby was owing plaintiff $185, and interest. To obtain further extension of the time of payment Sundby on that day at plaintiff's request gave him a new note for $271.75, due in thirty days thereafter, and secured its payment by a mortgage to plaintiff on five horses, two buggies, three sleighs, one set of double harness and two single harnesses. The note and mortgage were in fact void for usury. W. H. Adamson acted as plaintiff's agent in the transactions. On August 13, 1890, plaintiff begun this action against Sundby, J. M. Dickson, L. B. Lunnow, Theodore Nelson and Ed. Hover to obtain possession of the mortgaged property, claiming title under his mortgage, and alleging the value to be $300; that he had demanded the property, but that

the defendants unlawfully detained it. Under the replevin writ the officer took from defendants Nelson and Hover one span of the horses and the double harness, and took from the possession of defendant Dickson the residue of the property. Sundby, treating the mortgage as void for usury, had sold the property, and it was found in the possession of these parties. Dickson gave bond and retained possession of the property found with him, but Nelson did not. By the officer's return it appears that he delivered the span of horses to plaintiff, but the set of double harness he by mistake gave to Dickson. The defendants all answered by different attorneys. The answers each contained general denials. The issues were tried November 6, 1890. The jury returned a verdict for defendants, but did not assess the value of the property, or any of it. Plaintiff made a case, and on it and the record moved for a new trial. Being denied, he appealed to this court, but that appeal was abandoned and dismissed, and the mandate from this court was on July 31, 1891, filed in the Municipal Court. On the same day Sundby's attorneys entered judgment that plaintiff take nothing by his action and that Sundby recover $18.98 costs.

On May 17, 1892, the defendants Nelson and Hover moved the court on the record and on notice and affidavits for judgment against plaintiff for a return to them of their span of horses and double harness. This motion was granted. The first judgment was not opened or amended, but on June 3, 1892, a second judgment was entered in the action that plaintiff return to them this span of horses and double harness and that they recover of plaintiff $17.45 costs. No objection was made in the trial court that a second judgment was irregular. From this second judgment plaintiff brings this appeal, and assigns as error the irregularity of two judgments in the same action and divers rulings upon the trial in the reception or rejection of evidence, and that the court erred in accepting a verdict that did not specify the chattels to be returned or the defendants who should receive them. No motion was made by any one on the rendition of the verdict that it be refused or that it be corrected in any respect. Other facts appear in the opinion.

*Temple & Keene* and *Geo. R. Robinson,* for appellant.

The judgment appealed from is void or at least irregular in that it is the second judgment rendered and entered in this suit, the statute and the practice of our courts warranting but one judgment settling the rights of all the parties. And as there were many articles, of personal property replevied of which it is conceded not all should go to respondents, the verdict is fatally defective in that it does not designate the articles to be returned, and the defendants to whom such return should be made. *Richardson* v. *McCormick,* 47 Iowa, 80.

As the verdict cannot be cured save by reference to the record, and such reference in this case does not aid in this respect, the verdict should not be permitted to stand. *Fryberger* v. *Carney,* 26 Minn. 84; *Jones* v. *King,* 30 Minn. 368.

*Geo. H. Benton,* for respondents.

Plaintiff has lost his right to present for adjudication most of his assignments of error, by abandoning his appeal from the order overruling the motion for a new trial.

The issues presented by the answers and the reply were necessarily submitted and tried by the jury, and those issues are answered by the general verdict. *Pint* v. *Bauer,* 31 Minn. 4; *Crich* v. *Williamsburg City Fire Ins. Co.,* 45 Minn. 441.

This general verdict passes upon all the material issues made in the pleadings and enables the court upon the pleadings and verdict to enter judgment without looking at the evidence. *Eaton* v. *Caldwell,* 3 Minn. 134, (Gil. 80;) *Lane* v. *Lenfest,* 40 Minn. 375.

A party may waive his right to an alternative judgment and take judgment merely for the return. *Stevens* v. *McMillin,* 37 Minn. 509; *Thompson* v. *Scheid,* 39 Minn. 102.

The power of the court is not exhausted by the entry of one judgment in favor of some one of the defendants. Pomeroy, Rem. §§ 41, 62, 63; *Piper* v. *Johnston,* 12 Minn. 60, (Gil. 27.)

MITCHELL, J. This appeal illustrates how a simple case can be complicated by careless practice. The action was one in replevin

against all five defendants, the complaint alleging that the plaintiff was the owner and entitled to the possession of certain described articles of personal property, and that the same was wrongfully detained from him "by defendants." It appears from the return of the officer on the writ that defendant Dickson gave a bond for the redelivery to him of all the property except the span of horses hereinafter referred to, claimed by Nelson & Hover.

Defendant Sundby interposed a separate answer, denying all the allegations of the complaint, except as to the value of the property, and asking for judgment for costs. Dickson and Lunnow for their answer interposed a general denial of all the allegations of the complaint, and also asked for judgment for costs. Nelson & Hover interposed an answer, denying the allegations of the complaint, and alleging that they had purchased and obtained possession of a part of the property, to wit, the span of horses already referred to, and a set of hack harness, from one Nord, and had retained possession thereof until taken from them by virtue of the writ in this action. Plaintiff replied, admitting the allegations of Nelson & Hover's answer as to their purchase from Nord, but denying that Nord had any title to the property. On this state of the pleadings the cause came to trial, and resulted in a general verdict "for the defendants."

The point is made that Nelson & Hover did not appear at the trial, and hence that the verdict must be construed as being in favor only of the other defendants. But the statement of the record is that certain counsel appeared on the trial "for the defendants." This must be construed as meaning *all* of the defendants, and consequently the verdict must also be held to be one in favor of all the defendants, at least all who had answered.

It appears that plaintiff made a motion for a new trial, and that from an order denying the motion he appealed to this court, but subsequently abandoned his appeal, which was dismissed. Afterwards, on motion of his counsel, a judgment in favor of Sundby was rendered for his costs. Subsequently, on motion of Nelson & Hover, the court ordered judgment in their favor for the return of the span of horses and set of harness described in their answer, and alleged to have been taken from their possession on the writ in the action.

Plaintiff opposed this motion, on the ground that the evidence on the trial disclosed that the property in question was taken from the possession of Dickson, and not of Nelson & Hover. Judgment was entered in favor of Nelson & Hover for a return of the horses and harness, and from this judgment plaintiff appeals.

The abandonment and dismissal of plaintiff's appeal from the order denying his motion for a new trial does not prevent him from raising any questions on appeal from the judgment which he could have raised had the first appeal never been taken. Had the order been affirmed either after argument on the merits or under the rules of court, all questions that might have been raised on that appeal would be *res adjudicata*, and would not be considered on a subsequent appeal from the judgment entered on the verdict. *Schleuder* v. *Corey*, 30 Minn. 501, (16 N. W. Rep. 401.) But a' *dismissal* of the appeal would not have any such effect.

Plaintiff makes the point that only one judgment settling the rights of all the parties to the suit could be entered on the verdict, and therefore, as one judgment had already been entered in favor of Sundby, a second judgment could not be entered on the same verdict in favor of Nelson & Hover.

The correct practice would have been to have had the judgment already entered set aside or amended, and a judgment entered adjudging the rights of all parties in accordance with the verdict. But the order for judgment was not opposed on any such ground, and the point now made was not suggested to the court below.

It is but an irregularity which does not appear to prejudice the plaintiff, and, as the defendants Nelson and Hover have judgment for only what they are entitled to, (assuming that the verdict would support a judgment in any form for such relief,) we do not think the point can now be taken advantage of by plaintiff.

A general verdict for the defendants in a replevin suit is, as against the plaintiff, a finding on all the issues · and, as it stood admitted by the pleadings that this span of horses and set of harness were taken from the possession of Nelson & Hover on the writ, the verdict entitled them to judgment for its return. In the light of the issues made by the answer and reply, the general verdict was suffi-

cient, at least as to the part of the property affected by this judgment. The defect in the verdict in not finding the value of the property is not material, inasmuch as the judgment is merely for the return of the property. *Stevens* v. *McMillin*, 37 Minn. 509, (35 N. W. Rep. 372;) *Thompson* v. *Scheid*, 39 Minn. 102, (38 N. W. Rep. 801.)

The further point is made that the judgment is unauthorized, at least in so far as it is for the return of the set of harness, which never came into the possession of plaintiff, but was delivered by the officer to the defendant Dickson, as appears from the return to the writ. But the pleadings, as we construe them, admit that the officer took this property from the possession of these respondents, and, as the plaintiff started the process of the court in motion, he is responsible for the acts of the officer in executing it, and it is no excuse to say that the officer, after taking the property from the possession of Nelson & Hover, improperly surrendered it to some one else. Whatever complications have arisen in this regard seem to have grown out of the plaintiff's own irregular course in bringing one action against a number of defendants to recover several articles of property, some of which were in the possession of certain of the defendants, and some in the possession of other defendants.

We find nothing in the alleged errors occurring during the trial worthy of special notice. The cross-examination of W. H. Adamson, a witness for plaintiff, was permitted to go beyond the limits of strict cross-examination, but his relations to the plaintiff and to the transaction out of which this litigation arose were such as to indicate very clearly that, had defendants been compelled to put him on the stand as their own witness, the court could very properly have allowed them to put leading questions to him or to cross-examine him as a hostile witness.

It appeared on the trial that plaintiff claimed the property under a chattel mortgage executed by Sundby. It seems to have been taken for granted all through the trial that, at the time this mortgage was given, Sundby was the owner of the property, and that the other defendants claimed title under him by sales or transfers subsequent to this mortgage, and that the determination of the case as

to all parties depended entirely upon the question whether plaintiff's mortgage was usurious, which appears to have been assumed to be the only issue in the case, and plaintiff made no objection to the form of the general verdict in favor of all the defendants.

Judgment affirmed.

(Opinion published 53 N. W. Rep. 761.)