(Opinion published 55 N. W. Rep. 823.)

---

LYDIA A. TILLENY *vs.* JACOB A. WOLVERTON *et al.*

Submitted on briefs June 1, 1893. Affirmed June 29, 1893.

**Appealing from Order Denying New Trial, and Then from the Judgment.**

Where, upon an appeal from an order denying a new trial, the order is affirmed, all questions that might have been raised on that appeal are *res adjudicata*, and will not be considered on an appeal from the judgment entered on the verdict or finding.

**Questions Considered on a Motion for a New Trial.**

The objection that the conclusions of law are not justified by the findings of fact may be raised on a motion for a new trial; following former decisions.

Appeal by plaintiff, Lydia A. Tilleny, from a judgment of the District Court of Hennepin County, *Wm. Lochren*, J., entered November 3, 1892, that she take nothing by this action.

On April 30, 1886, plaintiff owned one hundred and twelve and a half acres of land in the southern part of the City of Minneapolis, and had employed the defendants Jacob A. Wolverton and Frank B. Lewis, as her agents to sell one hundred acres of it for her, agreeing to pay them a commission of two and a half per cent. On that day they discovered as possible purchasers thereof, Frank W. Jewett, Henrietta P. Keith, and Sarah Johnson at plaintiff's price of $35,000, but on the condition that defendants would take an undivided one-fourth interest in the purchase with them. To this the defendants agreed, and they notified plaintiff's husband, Lazarus Tilleny, thereof. He was acting for her in the matter as her agent to confer with and instruct the defendants in the conduct of the

business. Defendants then told the husband that, to induce Jewett and his party to make the purchase, the defendants had agreed to take an undivided one-fourth interest in it with them. After receiving this information, plaintiff and her husband on June 9, 1886, completed the sale, and made a deed of the one hundred acres to Jewett, who took the title for convenience, and for the use and benefit of all the persons interested in the purchase. Plaintiff paid defendants their commission of $875, and surrendered possession of the land.

On April 17, 1887, the purchasers sold, and, at their request, Jewett conveyed the land to Josiah M. Anderson for $80,000. This action was commenced by Mrs. Tilleny in 1890, to recover the profit realized on the resale. She claimed she had no notice that her agents were interested in the purchase, and her husband denied that defendants told him of their interest. On the first trial she was defeated, and appealed to this Court, and obtained a new trial. *Tilleny* v. *Wolverton*, 46 Minn. 256. The second trial was had November 10, 1891. Findings were filed, and judgment ordered for defendants. Plaintiff moved for another trial, but was denied, and again appealed from the order; but it was affirmed in this Court. *Tilleny* v. *Wolverton*, 50 Minn. 419. After the case was remanded to the District Court, judgment was entered pursuant to the findings. Plaintiff now appeals from the judgment, claiming that the findings of fact do not sustain the conclusions of law.

*C. H. Rossman,* for appellant.

Plaintiff claims that the pleadings and the findings of fact do not sustain the judgment, and that this question is still open for review in this Court. *Keegan* v. *Peterson*, 24 Minn. 1; *Nelson* v. *Munch,* 28 Minn. 314; *Nelson* v. *Central Land Co.,* 35 Minn. 408.

*Koon, Whelan & Bennett,* for respondents.

We object to any consideration of this appeal, on the ground that the questions involved therein were all embraced in the former appeal from the order denying a new trial, and are now *res adjudicata,* and cannot be again considered by this Court. That this objection may be made at the hearing is decided in *Schleuder* v.

*Corey*, 30 Minn. 501; *Ellis* v. *Sisson*, 96 Ill. 105. All questions which were raised, or might have been raised, on the appeal from the order denying a new trial, already decided in this Court, are *res adjudicata*, and cannot be reconsidered upon this appeal. *Johnson* v. *Northern Pac. F. F. & B. H. Ry. Co.*, 39 Minn. 30; *Adamson* v. *Sundby*, 51 Minn. 460; *Newberry* v. *Blatchford*, 106 Ill. 584; *Smyth* v. *Neff*, 123 Ill. 310; *Ogden* v. *Larrabee*, 70 Ill. 510; *Southwest L. & Z. Co.* v. *Phoenix Ins. Co.*, 41 Mo. App. 406.

The only way in which the Supreme Court will review its own decision is by means of a petition for a rehearing. *Smith* v. *Brittenham*, 94 Ill. 624; *Newberry* v. *Blatchford*, 106 Ill. 584; *Rising* v. *Carr*, 70 Ill. 596. And the Court may refer to its own record in the previous appeal, for the purpose of ascertaining the facts in the case, as to the previous appeal. *Rippe* v. *Chicago, D. & M. R. Co.*, 23 Minn. 18; *Thornton* v. *Webb*, 13 Minn. 498, (Gil. 457.)

MITCHELL, J. This case has already been here twice on former appeals. 46 Minn. 256, (48 N. W. Rep. 908;) 50 Minn. 419, (52 N. W. Rep. 909.)

The last appeal was from an order denying a new trial. After the affirmance of that order by this court, judgment was entered in the court below on the findings, and this appeal is from that judgment.

It is well settled that where, upon an appeal from an order denying a new trial, the order is affirmed, all questions that might have been raised on that appeal are *res adjudicata*, and will not be considered on an appeal from the judgment entered upon the verdict or findings. *Schleuder* v. *Corey*, 30 Minn. 501, (16 N. W. Rep. 401;) *Adamson* v. *Sundby*, 51 Minn. 460. (53 N. W. Rep. 761.)

Every question attempted to be raised on this appeal might have been, and in fact was, raised on the appeal from the order denying a new trial. The only question which counsel claims is open to him now is that the conclusions of law were not justified by the findings of fact. This question, he contends, was not properly before the court on a former appeal, because not a ground for a new trial. Whatever may be the rule in other jurisdictions, it has long been the common practice, sanctioned by this court, to consider and

pass upon this point on a motion for a new trial, and, if the conclusions of law are wrong, to modify them. The practice, although admitted not to be strictly logical, has been sanctioned as convenient and as long settled. *Ames* v. *Richardson*, 29 Minn. 330, (13 N. W. Rep. 137;) *Coolbaugh* v. *Roemer*, 32 Minn. 445, (21 N. W. Rep. 472;) *Farnham* v. *Thompson*, 34 Minn. 330, (26 N. W. Rep. 9.) See, also, *Wilson* v. *Richards*, 28 Minn. 337, (9 N. W. Rep. 872.)

But, even if the point was still open, there is nothing in it. A careful examination of the allegations of the answer, which the court finds were all true, will show that the findings are made more full and explicit than counsel assumes them to be.

Counsel is also in error in assuming that it was necessary that the plaintiff should, before ratifying the sale made by defendant as her agent, have had full knowledge of all the details as to the extent of the interest of the agent in the proposed purchase. The important and material fact for her to know was that her agent was interested as purchaser in the proposed sale of her property, and therefore that his interests did or might conflict with hers. If, with knowledge of this fact, she saw fit to approve of the sale, deliver her deed, and accept the purchase money without inquiry as to the extent of his interest, or as to the details of the arrangement between him and the other purchasers, she must be deemed to have deliberately ratified upon the knowledge she had without caring for more.

Judgment affirmed.

VANDERBURGH, J., absent, took no part.

(Opinion published 55 N. W. Rep. 822.)