ALVA W. BRADLEY v. MICHAEL NORRIS and Others.[1]

December 28, 1896.

Nos. 10,199—(143).

**Second Appeal—Law of Case.**

> *Held*, that the decision and judgment of this court on a former appeal in this case constitute the law of the case on all points in judgment, and that no questions that might have been raised on such appeal can be considered on an appeal from a judgment entered pursuant to the mandate of this court on the former appeal.

**New Trial—Diligence.**

> A party seeking a new trial on the ground of newly-discovered evidence must show that he could not have discovered the evidence, and produced it on the trial, by any reasonable diligence on his part. Strict proof must be made on this point, and facts, not conclusions, stated in the moving affidavits, from which the court may draw the conclusion that due diligence was used. Rule applied, and *held*, that the trial court did not abuse its discretion in denying defendants' motion for a new trial on the ground of newly-discovered evidence.

Appeal by defendants Michael Norris and Mary Norris from an order of the district court for St. Louis county, Moer, J., denying a motion for a new trial and from a judgment in favor of plaintiffs for $11,084.06. Affirmed.

*William B. Phelps* and *Warner, Richardson & Lawrence*, for appellants.

*Billson, Congdon & Dickinson*, for respondent.

START, C. J. This action, which was one to recover damages for a breach of the covenants of warranty and right to convey in a deed of land, was here on a former appeal by the plaintiff from an order denying his motion for a new trial. See 63 Minn. 156, 65 N. W. 357, for a full statement of the facts of the case. Upon such appeal it was held by this court that, upon the facts found by the trial court, there was a breach of the covenants; that the plaintiff was entitled to full damages; that the order appealed from should be reversed, and the case remanded to the district court, with directions

[1] Reported in 69 N. W. 624.

to enter judgment in favor of the plaintiff, and against the defendants, for the amount claimed. Judgment was so entered in this court, and the mandate sent down. Thereupon the district court entered judgment on motion of the plaintiff, but without notice to the defendants, strictly in accordance with the mandate of this court. The defendants appealed from such judgment.

The defendants assign as error on the appeal from the judgment that it was not warranted by the facts admitted by the pleadings and those found by the trial court, because they showed that the plaintiff's cause of action was barred by the statute of limitations. We cannot consider this or any of the defendants' assignments of error on this appeal from the judgment, for the reason that the decision and judgment of this court on the former appeal constitute the law of this case upon all points in judgment. This conclusion does not rest upon the doctrine of stare decisis, but on the same principle as the doctrine of res adjudicata. This court has the right to overrule the decision made on the former appeal in some other case, but in this case it must be followed. Schleuder v. Corey, 30 Minn. 501, 16 N. W. 401; Maxwell v. Schwartz, 55 Minn. 414, 57 N. W. 141; Johnson v. Northwestern T. E. Co., 54 Minn. 37, 55 N. W. 829; Tilleny v. Wolverton, 54 Minn. 75, 55 N. W. 822; Elliott, App. Proc. § 578.

After the judgment was entered in the district court, the defendants made a motion for a new trial, on the ground of newly-discovered evidence. The defendants appealed from an order denying the motion. The alleged newly-discovered evidence tends to show that the possession of the mortgaged premises by the mortgagee commenced in 1875, instead of 1878, as found by the trial court. If the former was the date of the entry into possession by the mortgagee, the right to redeem was barred; if the latter, it was not; hence the new evidence is material. It is not cumulative, for it relates to a distinct and independent fact, tending to establish the same ground of defense, as the evidence actually received on the trial, but as to which fact no evidence was offered on the trial, for the reason that the existence of such evidence was unknown to the defendants. Layman v. Minneapolis S. R. Co., 66 Minn. 452, 69 N. W. 329.

An order granting or denying a motion for a new trial will not be reversed on appeal unless it is made to appear that the order violated some legal right of the appellant, or was an abuse of discretion, the

67 M.—4

presumption being that the discretion was properly exercised. A party seeking a new trial on the ground of newly-discovered evidence must show that he could not have discovered and produced on the trial the evidence by any reasonable diligence on his part. Strict proof must be made on this point. It is not sufficient for a party to state that he used due diligence or his utmost efforts to seasonably discover the evidence, and failed. He must go further, and state facts—tell what he did—from which the court may draw the conclusion that due diligence was used to discover the evidence.

The affidavit of the defendant Norris, so far as it relates to the diligence used to discover the evidence, is in these words:

"That, at the time of the entry of the judgment against the defendants in this action, this defendant had no reason to believe or suspicion that he would be able to discover evidence or establish any earlier possession by said Bierman as mortgagee than that found by the court, i. e. early in the year 1878; that, before the trial of said cause, this affiant spent several months in searching for evidence and witnesses to show the date of the entry by said Bierman on the said land and acts of possession by said Bierman thereon, and that during all of said time affiant exercised the greatest diligence in said search, but was not able to get or obtain any other or better evidence on said point than that introduced on the said trial, nor was affiant able to hear or learn of any evidence or witnesses which would tend to show an earlier possession by said Bierman than the year 1878; that, since the entry of judgment in this cause, affiant has discovered other witnesses, who can and will testify that said Bierman entered upon the said land in the fall of the year 1875."

There was no other affidavit or proof offered on the question of diligence. It is clear that the trial court did not abuse its discretion in denying the motion. The affidavit deals in conclusions, not facts. It fails to state what the defendant did in the premises, or by what happy accident he discovered, so soon after the judgment, some seven witnesses by whom he could establish the fact that the mortgagee entered into possession of the mortgaged premises in 1875. We are not to be understood by this as questioning the good faith of defendant, his counsel or witnesses. But if he had set forth in his affidavit when, where, and how he discovered the witnesses who had escaped his previous search, during several months, made before the trial, the court would have been in possession of important facts bearing directly on the question of diligence. We are not prepared to say that, if the trial court had granted the motion, it would have

been an abuse of discretion; but we do hold that there is nothing in the record to justify the conclusion that the discretion was not fairly exercised; hence the order denying the motion must be affirmed.

Judgment and order affirmed.