DAVID R. P. HIBBS v. FREDERICK W. MARPE.[1]

October 11, 1901.

Nos. 12,833—(137).

**Res Judicata—Former Appeal.**

>The only question attempted to be raised on this appeal from the judgment herein might have been raised and determined in the former appeal from an order denying a motion for a new trial. *Held,* following Tilleny v. Wolverton, 54 Minn. 75, that the question is res adjudicata.

Appeal by defendant from a judgment of the district court for Freeborn county, entered pursuant to the findings of Kingsley, J. Affirmed.

*R. S. Farnsworth,* for appellant.

*Morgan & Meighen* and *H. H. Dunn,* for respondent.

START, C. J.[2]

The plaintiff is trustee in bankruptcy of the firm of Brundin Bros., and of each of the co-partners, he having been appointed as such March 1, 1900. This action was commenced April 6, 1900, to set aside, as fraudulent as to creditors and as to the plaintiff, as such trustee, a deed of certain land made by Charles R. Brundin, one of the bankrupts, to the defendant on January 3, 1899. The cause was tried by the court, and findings of fact and conclusions of law made to the effect that the deed was fraudulent, as alleged; that the defendant took possession of the land in controversy in March, 1899, and thereafter, and before the commencement of this action, received as rents therefor the sum of $154, which sum, with interest thereon, the plaintiff was entitled to recover; and that judgment be entered accordingly. Thereupon the defendant moved for a new trial, and appealed to this court from an order denying his motion. The order was affirmed by this court (Hibbs v. Marpe, supra, page 10), and the case remanded. Thereupon judgment was entered upon the findings of fact and conclusions of law in the district court, from which the defendant appeals.

[1] Reported in 87 N. W. 363.          [2] LOVELY, J,. took no part.

The defendant, on this last appeal, assigns only one error, which is to the effect that the trial court erred in .entering judgment for the amount received by the defendant as rents for the land prior to April 6, 1900; or, in other words, that the conclusion of law of the trial court that the plaintiff was entitled to recover the amount of such rents was not justified by the facts found, for the reason that, as a matter of law, the trustee was not entitled to recover for any rents so received prior to his appointment. This precise question was involved in the former appeal, and might have been raised and determined on the hearing thereof, for the objection that the trial court's conclusions of law and direction for judgment are not justified by its findings of fact may be raised and determined on an appeal from an order denying a motion for a new trial. Tilleny v. Wolverton, 54 Minn. 75, 55 N. W. 822. Therefore, the question cannot be considered on this appeal, for all questions which were or might have been raised on a former appeal in the same action are res adjudicata. Schleuder v. Corey, 30 Minn. 501, 16 N. W. 401; Adamson v. Sundby, 51 Minn. 460, 464, 53 N. W. 761; Tilleny v. Wolverton, supra.

Judgment affirmed.