LOUNSBERRY, et al., Respondents, v. KELLY, Appellant.

(146 N. W. 909.)

1.  **Appeal—Error—Judgment on Prior Appeal—Absence of Findings—Motion to Vacate—Subsequent Appeal From Judgment and Order—Res Judicata.**

Where defendant appealed from an adverse judgment, and from an order denying new trial, which were affirmed on appeal, and, after remittitur filed below, he moved trial court to vacate the judgment for want of findings of fact and conclusions of law, and thereafter appealed from the order denying the motion, and from the said judgment, held, that, the judgment and order denying new trial having been affirmed on the merits on first appeal, all questions raised or that might have been raised on first appeal were res judicata, and, the case being ended, trial court could not lawfully have granted the application to vacate judgment.

2.  **Trial—Theory of Trial—Equity Case to Jury—Questions First Raised on Appeal—Error.**

Whether error was committed in trying an equity case, by mutual consent of parties, as an action at law, and whether the verdict on such trial was merely advisory, are questions that cannot be raised for first time on appeal, either by the parties, or by the Supreme Court. The parties might waive their right to have such case tried as a court case.

(Opinion filed April 20, 1914.   Rehearing pending.)

Appeal from Circuit Court, Codington County.   Hon. CARL G. SHERWOOD, Judge.

Action by Samuel N. Lounsberry and another against E. J. Kelly, for specific performance.   From a judgment for plaintiff, affirmed on a prior appeal therefrom and from an order denying a new trial, and from an order denying a motion to vacate said judgment after determination of first appeal, defendant appeals.   Upon motion to dismiss the present appeal.   Appeal dismissed.

*Case & Case,* for Respondent, in suppport of motion.

Appellant has intentionally waived his right to now raise

the question of the absence of findings and his motion to set aside the judgment comes too late.

This Court passed upon the merits of the case upon appellant's record, and the final decision of this Court was the end of this case, and no further proceedings can be had either in the Court below or in this Court with relation to the same judgment.

When this Court affirms a judgment and a remittur is sent down to the Court from whence it came, it then becomes a judgment of the Supreme Court which the Circuit Court has no power to set aside, and the litigation is thereby ended. Heilen v. Bean, et al. 14 Pac. Rep. 865; Kirby v. Superior Court, 68 Cal. 604; 10 Pac. Rep. 119.

The decision of this Court and the affirmance of the judgment was "Res Judicata," and appellant cannot now raise the question affecting the same judgment which he could and should have raised upon the former appeal. Kidd v. Martin, Minn. 87 N. W. 63; Milleny v. Wolverton, 55 N. W. 22; Ritheer (County Judge,) v. Lloyd Estate (Wis.) 83 N. W. 694; Union Mutual Life Insurance Company v. Kirchoff, 36 N. E. 1031; Harder v. Hough, 16 S. E. 665; Vol. 3 Cyc. page 477-485; Crown v. Forest Land Co. 76 N. W. 613.

Section 2412, Civil Code: "Anyone may waive the advantage of a law intended solely for his benefit." Chandler v. Kennedy, 8 S. D. 56.

*Sherin & Sherin,* for Appellant, in resistance of the motion.

A motion, or order to show cause why the judgment should not be set aside, because it was rendered and entertained without findings of fact or conclusions of law, and therefore entered without authority, is a direct attack on the judgment. People v. Mullan, 66 Cal., 396; Whitley v. Black, 11 American Decision, 755; State v. Donovan, (N. D.) 86 N. W., 710.

Citing Black on Judgments, Section 326; Garr, Scott & Co., v. Spaulding, 51, N. W., 867; Pioneer Land Co. v. Maddux, 109 Cal. 642.

A former appeal from the same judgment is not a ground for dismissing the second appeal. Collins v. Gladiator Con. Gold Mining Co., (S. D.), 103 N. W., 385; Brown v. Edmonds,

(S. D.), 59 N. W., 731; Ballou v. N. W. R. R. Co., (Wis.) 10 N. W., 88.

Under the conditions under which this case was tried, all parties conceded it as a jury case.

. GATES, J. This case was decided by this court in an opinion appearing in 32 S. D. 142, 142 N. W. 180. A supplemental brief by appellant filed after the cause had been assigned to the judge who wrote the opinion was then inadvertently overlooked. That opinion was based upon two propositions; (1) that the record did not contain material sufficient to authorize this court to pass upon the instructions given and refused; (2) that this was an equity action and the verdict of the jury was merely advisory to the trial court. The second proposition was one that was raised by this court. Both parties and the trial court had proceeded, both at the trial and upon the motion for a new trial, upon the theory that the cause was one triable by jury. The cause was argued in the briefs in this court as though the case were a jury case. A petition for rehearing was filed in this court calling attention to the filing of the supplemental brief. This petition did not point out the fact that no findings of fact had ever been made by the trial court. In justice to appellant's counsel this court in an opinion denying the petition for rehearing, 32 S. D. 456, 143 N. W. 369, corrected the statement of facts in the former opinion; showed the lack of materiality in the assignments of error based upon the instructions; and reiterated the proposition that this cause being a cause in equity, the verdict of the jury was merely advisory. Upon the filing of the remittitur in the trial court, the defendant moved that court to vacate the judgment, because of the absence of findings of fact and conclusions of law. This motion was denied and defendant has appealed therefrom and from the judgment to this court. Plaintiff has now moved for a dismissal of this appeal upon the ground that the original judgment of the trial court as affirmed by this court has become *res judicata*.

Whether in strictness this question should be determined upon this motion, or upon a consideration of the merits of this appeal, we do not decide. We are clearly of the opinion that the question would have to be determined adversely to appellant at one time or another. In order to save expense to the parties, we de-

cide this question now, as we are in possession of all the facts that could possibly be material to the hearing upon the merits of the appeal.

[1] The former appeal was taken from the judgment and order denyying a new trial. That judgment and order were affirmed by this court upon the merits. All of the questions raised or that might have been raised upon that appeal are now *res judicata.* The present appeal from that judgment and from the order denying defendant's application to set aside the judgment, or from either of them, may not now be entertained. It is immaterial that upon the former appeal the only questions argued or errors assigned related to the instructions given to the jury. The trial court could not lawfully have granted the application to set aside the judgment. The case was ended. Collins v. Gladiator Gold Min. & Milling Co., 19 S. D. 358; 103 N. W. 385; Heinlen v. Beans, 73 Cal. 240; 14 Pac. 855; Tilleney v Wolverton, 54 Minn. 75, 55 N. W. 822; Hibbs v. Marpe, 84 Minn. 178, 87 N. W. 363; Crowns v. Forest Land Co., 100 Wis. 554, 76 N. W. 613; Ean v. C. M. & St. P. Ry. Co., 101 Wis. 166; 76 N. W. 329; Richter v. Leiby's Estate, 107 Wis. 404, 83 N. W. 694; 3 Cyc. 485.

[2-3] We are now frank to confess that this court erred in applying to this case upon the former apeal the rules of law (correct though they be) announced in the two opinions. This court should have treated the case as it was treated by the parties and by the trial court, viz.: as though it were an action at law. We should have passed upon the assignments of error relating to the instructions and should have determined the case upon the theory upon which the parties presented it to this court. The question of whether error was committed in trying an equity case to the jury as though it were an action at law, cannot be raised for the first time on appeal, either by the parties, or by this court. It was competent for the parties to waive their right to have the case tried as a court case, just as it is competent for parties to waive a jury and try a question cognizable by a jury to the court. McEwen v. Gotthelf, 31 S. D. 180, 140 N. W. 264.

We have now carefully considered those instructions and the evidence presented in the record upon the former appeal, and while we are now powerless to make a binding ruling upon the

merits of that appeal, yet we are convinced that no prejudicial error was committed by the trial court.

The present appeal is dismissed.