## JOSEPH KOZISEK v. C. F. BRIGHAM.[1]

May 29, 1931.

No. 28,454.

[1]Reported in 237 N. W. 25.

*J. B. Himsl* and *Emmery W. Swenson,* for appellant.

*Cobb, Hoke, Benson, Krause & Fuegre* and *C. P. Randall,* for respondent.

OLSEN, J.

Plaintiff brought this suit under G. S. 1923 (2 Mason, 1927) § 9172, to recover damages for an injury to his minor child, Anna Kozisek.

The cause of action alleged is for malpractice or negligence on the part of defendant, a physician and surgeon, in performing an operation on the leg of Anna Kozisek, in March, 1922. The action was commenced in the latter part of July, 1925. In the meantime, L. 1925, p. 102, c. 113 [2 Mason, 1927, § 9193] had been enacted, limiting the time to bring actions for malpractice to two years, after the cause of action accrued, the act to go into effect three months after its passage. The act went into effect June 27, 1925.

Defendant demurred to the complaint on the ground that it failed to state a cause of action. The question raised by the demurrer was whether the complaint showed on its face that the action was barred by the statute of limitations above noted. The trial court overruled the demurrer but certified that the question raised was important and doubtful, and defendant appealed to this court. By the decision here, reported in 169 Minn. 57, 210 N. W. 622, 49 A. L. R. 1260, under date of October 29, 1926, the order overruling the demurrer was reversed, it being held that L. 1925, p. 102, c. 113 [2 Mason, 1927, § 9193] was valid and applied to this action and that the action was thereby barred. After remittitur from this court, but not until September 13, 1930, judgment was entered below in favor of defendant. Thereafter in January, 1931, the present appeal was taken from the judgment.

■ On this appeal we are asked to hold, contrary to the former decision, that the action is not barred by the limitations statute. Plaintiff contends that, as Anna Kozisek was a minor at the time of the injury and so remains, the action is not barred as to her, or as to plaintiff as her representative, under G. S. 1923 (2 Mason, 1927) § 9202, extending the time during which a minor may bring suit until one year after he comes of age. Plaintiff is met by the rule that a prior decision made by this court in the same case upon an issue therein litigated becomes the law of the case. That rule of course does not apply to hearings on reargument.

Plaintiff seeks to avoid this rule on two grounds:

First, he contends that the question now presented was not presented or decided on the former appeal. The opinion on the former appeal indicates that plaintiff took the position then that L. 1925, p. 102, c. 113 [2 Mason, 1927, § 9193] was not retroactive and that, if held to be retroactive, it was unconstitutional. The effect of the minority of Anna Kozisek is not referred to in the opinion. In defendant's brief on the former appeal the matter is briefly referred to. However the question presented by the former appeal was whether the action was barred by the statute of limitations, and the decision was that the action was so barred. If plaintiff neglected to present some reason why the action should not be held barred or saw fit not to do so, he should not now complain.

Questions necessarily involved in the decision on a former appeal will be regarded as the law of the case on a subsequent appeal, although not expressly treated in the former opinion. 4 C. J. 1105. Where the sufficiency or insufficiency of a complaint is determined on one appeal, the decision is the law of the case on a subsequent appeal, even if the grounds urged on the second appeal were not presented on the former appeal. 4 C. J. 1108.

All questions involved and which might have been raised on a former appeal are concluded by the decision on such appeal. Schleuder v. Corey, 30 Minn. 501, 16 N. W. 401; Adamson v. Sundby, 51 Minn. 460, 53 N. W. 761; Tilleny v. Wolverton, 54 Minn. 75, 55 N. W. 822; Maxwell v. Schwartz, 55 Minn. 414, 57 N. W. 141;

Bradley v. Norris, 67 Minn. 48, 69 N. W. 624; Hibbs v. Marpe, 84 Minn. 178, 87 N. W. 363; Terryll v. City of Faribault, 84 Minn. 341, 87 N. W. 917; Orr v. Sutton, 127 Minn. 37, 148 N. W. 1066, Ann. Cas. 1916C, 527; School Dist. No. 1 v. Aiton, 175 Minn. 346, 221 N. W. 424.

■ The second ground urged for avoiding the rule is this: Conceding that the rule of the law of the case applies, that rule is not a statutory rule, but is one of practice and does not amount to or express any limitation upon the power of this court. Standard Lith. Co. v. Twin City M. S. Co. 145 Minn. 5, 176 N. W. 347; Messenger v. Anderson, 225 U. S. 436, 32 S. Ct. 739, 56 L. ed. 1152. There is no doubt but that this court has power to overrule its prior decisions, and may do so in a proper case, even to the extent of overruling the decision made on a prior appeal in the same case. But the power to overrule a prior decision made in the same case has rarely, if ever, been exercised by this court. In the Standard Lith. Co. case, 145 Minn. 5, 176 N. W. 347, this court had, on the first appeal, reversed an order of the trial court denying a motion for a new trial and had sent the case back to the trial court for a new trial on all the issues. That left the matter at large, the same as if there had been no trial.

While the power of this court to overrule its prior holding that the present suit is barred by the statute of limitations is conceded, we do not feel called upon to exercise such power in this case, and hold that the rule that the former decision is the law of the case should be here followed. There was no application for reargument on the former appeal. If either counsel or the court overlooked anything in the presentation, hearing, or decision on that appeal, reargument should have been applied for. Plaintiff was satisfied to rest for nearly four years before judgment was entered and waited for some four months thereafter before taking this appeal. True, plaintiff was not obliged to cause judgment to be entered. But if he desired to attack that judgment on the ground that this court had erroneously sustained the demurrer to his complaint, we think it was incumbent on him to move with reasonable promptness

to bring that question before this court; and he could have had judgment entered at any time after remittitur. Nor do we think that the minority of the child is any excuse for delay and laches in prosecuting a case actually instituted and carried on by her representative. Had no action been commenced, no laches for failing to sue could have resulted; but, when a representative of a minor comes into court, he is subject to the same obligation as other litigants to proceed with due diligence. One of the reasons for the rule as to the law of the case is that it prevents delay and tends promptly to end litigation.

Having concluded that our former decision is the law of the case and ends it, we do not on this appeal decide the question of whether an action by the father of a minor, under § 9172 of the statute, is barred after two years from the time the cause of action accrues, under L. 1925, p. 102, c. 113 [2 Mason, 1927, § 9193] where the cause of action is for malpractice.

Judgment affirmed.

