## JOHN VICTOR PEARSON v. CHARLES NORELL AND ANOTHER.[1]

May 21, 1937.

No. 31,286.

[1]Reported in 273 N. W. 359.

*Robb & Rich,* for appellants.
*Flor & Reim* and *Stone & Anthony,* for respondent.

PER CURIAM.

Verdict for plaintiff. Defendants moved in the alternative for judgment notwithstanding the verdict or a new trial. Judgment ordered notwithstanding the verdict. On plaintiff's appeal the judgment was reversed. Pearson v. Norell, 198 Minn. 303, 269 N. W. 643. Thereafter defendants presented the part of the alternative motion asking a new trial. It was denied. This appeal is from that order.

There is only one assignment of error. Its sufficiency is doubtful. But the argument in the brief clearly states the grounds for assailing the order. The motion for a new trial was based on the grounds (a) that the verdict was not supported by the evidence and was contrary to law; (b) the excessiveness of the verdict indicated that it was rendered under the influence of passion and prejudice; (c) deficiency in the charge respecting contributory negligence; (d) in the interest of justice a new trial is required; and (e) de-

fendants are entitled to a new trial on account of the error of judgment or inadvertent omission of their attorneys to introduce available evidence.

The former appeal must be held to have finally determined the issues therein decided. It was an appeal from the judgment ordered to be entered in defendants' favor *non obstante* the verdict returned in plaintiff's favor, in an action to recover damages sustained by plaintiff in a collision between an automobile driven by him and a truck owned and operated by defendants, occurring at a highway intersection. The cause of action was based on defendants' alleged negligence, to which was interposed the defense of contributory negligence. It is clear that the decision of this court, on reversing the judgment, definitely determined that the issue of contributory negligence did not appear as a question of law and that the verdict was supported by the evidence. We are urged again to consider the question of contributory negligence. Under settled law, the former decision, upon every question of law and fact considered and determined, became the law of the case. 1 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 398, and the cases therein cited. No good reason appears why this well established practice should be departed from despite the earnest urging of counsel.

But insofar as the motion for a new trial presents issues for review not capable of being considered or decided in the former appeal, they are available upon this appeal. Standard Lithographing Co. v. Twin City Motor Speedway Co. 145 Minn. 5, 176 N. W. 347; Kozisek v. Brigham, 183 Minn. 457, 237 N. W. 25. Considering the errors assigned in the motion for a new trial, it is plain that the sufficiency of the evidence to sustain the verdict and that it was not contrary to law (because contributory negligence did not appear as a matter of law) were definitely determined against defendants on the former appeal. The claim that the excessiveness of the verdict shows the jury to have been under the influence of passion and prejudice is not demonstrable upon this record, for, as to the injury and damages suffered by plaintiff, there is no evidence disputing the testimony of plaintiff and his three medical experts, which amply sustains the amount of the verdict. The deficiency

in the charge respecting contributory negligence is not touched upon in the brief nor is the objectionable part of the charge set out in the motion for a new trial. This leaves for consideration only the grounds which defendants were permitted to add to the original motion in the alternative, *viz.*, that in the interest of justice a new trial is required and that defendants are entitled to a new trial because of the failure of their attorneys through error of judgment or inadvertence to introduce available evidence to establish their defense.

The two grounds for a new trial may be considered together. The record shows that when plaintiff rested, defendants, with leave, also rested and moved for a directed verdict. The motion was denied. Thereupon the case was opened for the introduction of evidence by defendants. But they saw fit to rest, and the case went to the jury upon the evidence received up to that point. It is in the interest of justice that litigants have a fair opportunity to present all their evidence in respect to a controversy to an impartial tribunal for decision. It is not in the interest of justice that the evidence be presented piecemeal and at successive trials. The statute gives a remedy for inadvertence and excusable neglect. But deliberate and intentional omission to furnish known and available evidence in the trial of a case is not given as a ground for new trial. Nor should it be. Nor should litigants be granted a new trial for the error of judgment in offering or not offering evidence in a lawsuit. There could be no end to litigation if new trials were to be granted because the attorney failed to call a witness to the stand or omitted to ask proper questions to develop a fact of important bearing on the issue on trial. It is difficult to select more capable, alert, and experienced attorneys than the two who represented defendants in this trial. If a new trial should be granted because of error of judgment of such attorneys in concluding that their available evidence would not strengthen the defense as left by plaintiff's case, or that the evidence as introduced did not as a matter of law justify a verdict, what is to be done in cases where litigants are represented by attorneys of far less ability and experience? The more inexperienced and blundering attorneys em-

ployed, the more insistent would be the demand for new trials in the interest of justice. The clients must bear the consequences of the errors of judgment of their attorneys in the conduct of trials, otherwise there would be no end to litigation. In the instant case there was a deliberate and intentional omission to offer evidence in defense to the case made by plaintiff. From the record it is to be gathered that there is no newly discovered evidence; but that whatever evidence there is to refute plaintiff's cause of action was known and at hand when defendants rested. It is neither in the interest of the due administration of justice nor fair play to permit litigants to hold evidence in reserve, and then, when defeated, grant·new trials on the ground of excusable errors of judgment of their attorneys. Trial courts in the exercise of sound judicial discretion may grant new trials when of the opinion that justice has miscarried; but this record does not warrant this court in holding that there was an abuse of discretion in denying a new trial.

The order is affirmed.

