GENEVIEVE KANE v. CASSIUS M. LOCKE.[1]

November 24, 1944.

No. 33,856.

*Mart M. Monaghan,* for appellant.
*Freeman, King & Geer,* for respondent.

[1]Reported in 16 N. W. (2d) 545.

HOLT, COMMISSIONER.

This is the second appeal by plaintiff to this court in her alleged cause of action against defendant. The first appeal is reported in Kane v. Locke, 216 Minn. 170, 12 N. W. (2d) 495. Therein, Mr. Justice Youngdahl gives a full account of the trial and the issues presented for review. Nothing need be added thereto. Plaintiff now appears by a new attorney and asks for a new trial on the ground of error in the charge of Judge Rue and also on the ground that she has been deprived of her right of recovery in violation of U. S. Const. Amend. XIV, § 1.

No objection to Judge Rue's charge was made when delivered nor in the motion for a new trial. Hence the charge became the law of the case, even though erroneous. Kozisek v. Brigham, 183 Minn. 457, 237 N. W. 25. It is true that defendant's attorneys now concede that Judge Rue's charge was erroneous in stating that the violation of the traffic act by plaintiff's husband, the driver of her car, was imputable to her, but such error could have and should have been raised in her first appeal. However, it is perfectly apparent that neither plaintiff nor any of her attorneys saw any error in the charge until the filing of the decision in Christensen v. Hennepin Transp. Co. Inc. 215 Minn. 394, 10 N. W. (2d) 406, 147 A. L. R. 945. We conclude that plaintiff is not in position to attack the law of the case as given by Judge Rue in his charge to the jury more than a year prior to the filing of the decision in the Christensen case.

We can see no violation of plaintiff's right protected by U. S. Const. Amend. XIV, § 1, the due process clause. Plaintiff was represented at all times by able and reputable attorneys, who were fully heard by both the district court and this court. It would be unreasonable to hold that if an appellate court should file a decision in some future case announcing a rule of law, then every litigant in prior closed cases could have a new trial if there was error in the trial of his case as shown by the appellate court's subsequent announcements of the law. The order of the trial court was right.

The defendant entered judgment, there being no supersedeas bond. Of this plaintiff cannot complain.

The judgment is affirmed.