**DAVID N. VOLKMANN CONSTRUCTION, INC.,**
**Respondent,**

v.

**Gerald ISAACS, Appellant,**

**Lakewood Hills Development Company,**
**Defendant (C1–88–1059),**

**Craig R. Mathies, Defendant**
**(C8–88–1060).**

Nos. C1–88–1059, C8–88–1060.

Court of Appeals of Minnesota.

Sept. 13, 1988.

Einar Hanson, Hart, Bruner & O'Brien, Minneapolis, for respondent.

Stewart Loper, Cochrane & Bresnahan, St. Paul, for appellant.

Considered at Special Term and decided by WOZNIAK, C.J., PARKER and SCHUMACHER, JJ., without oral argument.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

Gerald Isaacs appealed from a temporary injunction requiring him to endorse stock certificates, but failed to seek any stay pending resolution of his appeal. Respondent David N. Volkmann Construction moved the trial court for enforcement of the injunction, but the trial court ruled it lacked jurisdiction, due to the pending appeal. Respondent now moves this court to require Isaacs to post a supersedeas bond to protect David N. Volkmann Construction pending appeal.

### DECISION

An appeal does not automatically stay enforcement of an injunction. The trial court, "in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party." Minn.R.Civ.P. 62.02. The trial court may continue an injunction in effect pending appeal, notwithstanding the filing of cost and supersedeas bonds. *State v. Robnan, Inc.*, 259 Minn. 88, 90, 107 N.W.2d 51, 53 (1960). If a stay is permitted, the trial court must establish and approve the terms of security to protect the respondent. Minn.R.Civ.P. 62.02, 62.03; *see also* Minn.R.Civ.App.P. 108.01, subd. 1 (trial court must approve amount and form of supersedeas bond), 108.01, subd. 4 (on appeal from decision requiring assignment of documents, supersedeas bond may be waived if documents are deposited with officer appointed by trial court).

In the absence of an approved supersedeas bond or a stay from the trial court, the respondent may enforce the trial court's decision pending appeal. *In re Estate of Goyette*, 376 N.W.2d 438, 441 (Minn. Ct.App.1985); *see also Kane v. Locke*, 218 Minn. 486, 488, 16 N.W.2d 545, 546 (1944) (appellant cannot complain of enforcement efforts where no supersedeas bond was posted). The trial court in this case apparently believed that its jurisdiction to enforce the injunction was suspended by the filing of the appeal. That is not so. While the trial court's jurisdiction to modify or

set aside its order on the merits is suspended pending appeal, it retains jurisdiction over collateral matters, such as enforcement. *See Spaeth v. City of Plymouth,* 344 N.W.2d 815, 824 (Minn.1984) (citations omitted).

The applicable rules clearly require the trial court to determine whether a stay of its injunction order is appropriate, and to fashion the terms of any stay. Unless appellant complies with such terms, respondent is free to seek enforcement of the decision. Respondent's motion for this court to establish a supersedeas bond and to compel appellant to post it is improper, but we remand to the trial court for enforcement or establishment of the terms of a stay.

Motion to require appellant to post supersedeas bond remanded to trial court.