**Maureen E. CLARK, Petitioner,**

v.

**David CLARK, Respondent.**

**No. C6–95–2453.**

Court of Appeals of Minnesota.

Feb. 20, 1996.

---

Stephen C. Aldrich, Minneapolis, for petitioner.

Lawrence D. Olson, Lawrence D. Olson & Associates, Roseville, for respondent.

Considered and decided by SCHUMACHER, P.J., and CRIPPEN and HARTEN, JJ.

## SPECIAL TERM OPINION

SCHUMACHER, Judge.

### FACTS

Petitioner Maureen E. Clark sought an emergency writ of prohibition to restrain immediate enforcement of the district court's November 20, 1995 order changing custody of the parties' 12–year–old daughter, E.C., to respondent David Clark. Respondent, a member of the U.S. Navy, intended to travel with E.C. to his new assignment on the island of Sardinia on November 24, 1995. This court issued an order granting the petition, with the publication of a special term opinion to follow.

The parties have two children, E.C. and eight-year-old Z.C. The parties' 1988 dissolution decree awarded physical custody of both children to petitioner. Following the dissolution, respondent's contacts with the children were sporadic until 1993. In 1994 and 1995, E.C. spent her summer vacations with respondent and his present wife.

In September 1994, respondent moved for modification of custody of both children on the ground of endangerment. The evidentiary hearing on the motion was held on No-

vember 1 and 2, 1995. During the pendency of the motion, the children remained in petitioner's custody. By order on November 20, 1995, the district court granted respondent's motion to change custody of E.C. and denied respondent's motion to change custody of Z.C. On November 22, 1995, the district court issued an order containing findings in support of the November 20, 1995, order.

The district court found that (a) E.C.'s relationship with petitioner has been marked by conflict, (b) psychological assessments performed on E.C. indicate she is depressed, insecure, and has dysfunctional coping skills, and (c) E.C. expressed a preference to live with respondent. The district court denied petitioner's request to stay transfer of E.C.'s custody to respondent pending completion of the post-decree proceeding and appeal.

## DECISION

To obtain a writ of prohibition, petitioner must establish that the district court exceeded its lawful authority or so abused its discretion as to cause injury for which no ordinary remedy is adequate. *Hancock–Nelson Mercantile Co. v. Weisman*, 340 N.W.2d 866, 868 (Minn.App.1983). Petitioner's ordinary remedy would be a direct appeal from the order granting the motion for modification and a motion to review the district court's denial of a stay pending appeal. *See David N. Volkmann Constr. v. Isaacs*, 428 N.W.2d 875, 877 (Minn.App.1988) (district court is required to determine, in first instance, propriety and terms of any stay).

The ordinary remedy of an appeal and a motion for a stay is not available to petitioner because the post-decree proceeding has not been concluded. The district court had not determined visitation or related financial issues, including petitioner's motion to modify child support. *See Bougie v. Bougie*, 494 N.W.2d 485, 487 (Minn.App.1993) (appeal in marital dissolution action is premature if any motion specified in Minn. R. Civ.App. P. 104.04, subd. 2 is pending).

The district court has discretion to decide when an order changing child custody will take effect. *See Petersen v. Petersen*, 296 Minn. 147, 149, 206 N.W.2d 658, 659–60

(1973). But the strict requirements for modification of child custody under Minn. Stat. § 518.18 (1994) indicate a "legislative intent to impart a measure of stability to custody determinations in most circumstances." *State ex rel. Gunderson v. Preuss*, 336 N.W.2d 546, 548 (Minn.1983). Because interruption of a child's stable living circumstances is discouraged, the district court should exercise caution regarding a stay when the court's order calls for major changes in a child's custody or circumstances. *Dabill v. Dabill*, 514 N.W.2d 590, 597 n. 3 (Minn.App.1994).

In this case, denial of the stay would result in an abrupt and dramatic change in E.C.'s living circumstances. E.C's relationships with friends and family, including her close attachment to Z.C., would be disrupted. Respondent does not have an established home in Sardinia and was unable to tell the court whether E.C. would attend school on the island or in Italy, 150 miles away.

The district court found that E.C.'s environment with petitioner is stable, but unsatisfactory. A report of physical abuse by petitioner against E.C. was substantiated, arising from a 1992 incident when petitioner caused bruising on E.C.'s thigh and leg. No other incidents have been reported. There was testimony that the potential exists for physical confrontations between petitioner and E.C. in the future, but the district court did not find that E.C. is in imminent danger of physical harm. Petitioner and E.C. have been participating in therapy to improve their relationship.

In view of the drastic changes to E.C.'s living arrangements that would result from the modification order, coupled with the lack of exigent circumstances requiring an immediate change of placement and the ambiguity about the circumstances surrounding a move to Sardinia, we hold that the district court abused its discretion in denying a stay pending post-hearing motions and adjudication of the remaining issues. The change of custody is stayed until 15 days after the filing of a final order determining the remaining issues and disposing of any post-hearing motions. At that time, petitioner may also file a mo-

tion in the district court for a stay pending appeal. *See Volkmann,* 428 N.W.2d at 877.

The district court has discretion to place conditions on a stay, which may include a requirement that petitioner and E.C. continue in therapy and provisions for appropriate visitation with respondent. The district court may also expedite proceedings on the post-hearing motions.

**Writ of prohibition issued.**